GORES, Administrator, Respondent, vs. ELLIOTT, imp., Appellant.

*December 7, 1900 — January 8, 1901.*

*Banks and banking: Negligence and fraud of officers: Pleading.*

In an action by a creditor of a bank against its officers to recover property alleged to have been lost by their negligent and fraudulent mismanagement of its business, the complaint must allege as to each defendant that he was an officer of the bank when the acts complained of took place.

Gores vs. Elliott.

APPEAL from an order of the circuit court for Milwaukee county: JAMES J. DICK, Judge. *Reversed.*

This is an appeal from an order overruling a separate demurrer of the defendant *Elliott* to the same complaint which was passed upon by this court in the case of *Gores v. Day,* 99 Wis. 276. As stated in the opinion in that case, the action is an equitable action, brought by a creditor of the Plankinton Bank, an insolvent state banking corporation, to recover from the directors of said bank moneys and property of the corporation alleged to have been lost by the negligence and fraud of defendants, as officers of the corporation, in their management of the corporate business. No more extended statement of the complaint here is deemed to be necessary. The demurrer of the defendant *Elliott* assigned several grounds, and, among others, the general ground that no sufficient facts were stated in the complaint to constitute a cause of action as to the defendant *Elliott.*

*C. T. Hickox,* for the appellant.

For the respondent there was a brief by *Mock, Riley, Wittig & Schinz* and *G. J. Cox,* attorneys, and *Moritz Wittig,* of counsel, and oral argument by *Moritz Wittig* and *J. B. Doe.*

WINSLOW, J. This is an action against the officers of a bank to recover property lost, as alleged, by their negligent and fraudulent mismanagement of its business. Necessarily, it must be alleged in such a complaint that any party who is made a defendant was an officer of the bank when the acts complained of took place. Careful reading of this complaint shows that nowhere is it alleged that the defendant *Elliott* was at any time an officer of the insolvent bank. His name appears nowhere in the complaint save in the title. It may be reasonably inferred, perhaps, from the allegations, that *Mr. Elliott* was a stockholder of the bank, although that fact is not directly alleged; but it cannot be inferred that he was a director, because the directors are

specifically named and *Mr. Elliott's* name does not appear in the list; nor is it alleged that he was an officer of any kind. All the acts and defaults charged against the defendants are necessarily official acts, and consequently the general allegation, frequently repeated in the complaint, that "the defendants, as directors and officers" of the bank, did or omitted to do certain acts, can only be reasonably construed as referring to the defendants who are alleged to have been directors or officers of the bank. These considerations render necessary the sustaining of *Mr. Elliott's* demurrer, without reference to other questions raised; and, as these questions are considered and decided in the case of *Gores v. Field* (decided herewith), 109 Wis. 000, it is unnecessary to discuss them here.

*By the Court.*— Order reversed, and action remanded with directions to sustain the demurrer.

